86 F.3d 1178
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Armand L. OUELLETTE, Petitioner,
v.
DEPARTMENT OF THE AIR FORCE, Respondent.
 No. 95-3656.
 United States Court of Appeals, Federal Circuit.
 May 13, 1996.
 
 Before CLEVENGER, Circuit Judge, NIES, Senior Circuit Judge, and RADER, Circuit Judge.
 PER CURIAM.
 
 
 1
 Armand L. Ouellette seeks review of the decision of the Merit Systems Protection Board (Board), Armand L. Ouellette v. Department of Air Force, Docket No. BN0752950049-I-1 (May 30, 1995), which affirmed the decision of the Department of the Air Force (the agency) to reduce Mr. Ouellette's grade. We affirm.
 
 
 2
 * By a letter dated October 21, 1994, the agency demoted Mr. Ouellette from his WS-4701-12 position as Heavy Repair (Horizontal) Supervisor to the GS-0809-09 position as Housing Construction Representative and suspended him for thirty days. The basis for this demotion was a report from Mr. Ouellette's supervisor, Captain R. Scott Phillips, which documented several improprieties. Specifically, the report indicated that Mr. Ouellette: (1) was absent without official leave (AWOL) on several occasions when his lunch break exceeded the allotted time; (2) drank alcohol during duty hours on August 22, 1994; (3) asked a subordinate to misrepresent facts; and (4) condoned a subordinate's abuse of lunch periods and drinking alcohol during duty hours.
 
 
 3
 The Board's administrative judge (AJ) correctly noted that to support such an action under section 75, the agency must establish, by a preponderance of the evidence, that there is a factual basis for the conduct and that the disciplinary action promotes the efficiency of the service. See 5 U.S.C. §§ 7513(a), 7701(c)(1)(B) (1994); Brook v. Corrado, 999 F.2d 523, 526-27 (Fed.Cir.1993). Under the facts of this case, the AJ decided that these requirements had been met and accordingly affirmed the agency's action. Mr. Ouellette appeals the Board's decision, and we have jurisdiction to review pursuant to 5 U.S.C. § 7703(b)(1) (1994).
 
 II
 
 4
 We review the Board's decision to ensure that it is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994); see Holland v. Department of Air Force, 31 F.3d 1118, 1120 (Fed.Cir.1994).
 
 
 5
 On appeal, Mr. Ouellette primarily challenges the agency's fourth charge: condoning a subordinate to abuse the lunch periods on August 1, 2, and 22, and condoning a subordinate's drinking alcohol during duty on August 22. At the outset, we note that neither Mr. Ouellette nor his subordinate, Mr. LaPointe, challenged the allegation that Mr. LaPointe took extended lunch breaks with Mr. Ouellette on August 1 and 2. Instead, the dispute is limited to Mr. LaPointe's actions on August 22. Both Mr. Ouellette and Mr. LaPointe contend that Mr. LaPointe was on leave on August 22. As a result, both claim that Mr. LaPointe's drinking occurred while on leave and not during duty hours. Similarly, they contend that Mr. LaPointe did not abuse his lunch period on that day.
 
 
 6
 At the Board hearing, Captain Phillips disputed Mr. LaPointe's claim that he was on leave on August 22. Consistent with this belief, Captain Phillips had charged Mr. LaPointe with being AWOL. In addition, Captain Phillips noted that Mr. LaPointe did not claim to have been on leave until their third meeting concerning the incident.
 
 
 7
 In response to this evidence, Mr. Ouellette highlights Mr. LaPointe's testimony at the Board hearing that he was on leave on August 22. Mr. Ouellette also alleges that computer records and time cards would corroborate Mr. LaPointe's claim.
 
 
 8
 The Board concluded that the agency proved by a preponderance of the evidence that Mr. Ouellette condoned Mr. LaPointe's extended lunch hour and drinking on August 22. Although Mr. Ouellette alleges that computer records and time cards would reveal that Mr. LaPointe was on leave that day, he does not point to any such evidence in the record, or argue that he was denied access to such evidence. Absent such concrete evidence, we must conclude that the AJ permissibly credited the testimony of Captain Phillips over that of Mr. LaPointe. See Carosella v. United States Postal Service, 816 F.2d 638, 641 (Fed.Cir.1987). We have no basis for overturning that determination of credibility. Therefore, substantial evidence supports the Board's decision.
 
 
 9
 Mr. Ouellette does not deny the remaining charges. During the Board hearing, he admitted taking extended lunch breaks on several occasions, consuming a beer on August 22 about five minutes before his duty ended, and asking a subordinate to misrepresent facts to Captain Phillips.
 
 
 10
 Instead, Mr. Ouellette contends that many of the infractions could have been avoided had Captain Phillips intervened earlier and informed Mr. Ouellette that the extended lunch breaks were unacceptable. There is no evidence, however, that Captain Phillips was under any duty to intervene when he first learned that Mr. Ouellette took an extended lunch break. Rather, the evidence indicates that based on the faith and trust that he had in Mr. Ouellette, Captain Phillips postponed taking action until further investigation revealed a trend. The decision of the Board, being supported by substantial evidence, and not otherwise subject to criticism under our standard of review, must be affirmed.